UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAYEVON BLAINE, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-cv-359 (MPS) |
| | : | |
| UCONN HEALTH CARE, et al. | : | |
| *Defendants*. | : | March 16, 2018 |

## **INITIAL REVIEW ORDER**

On February 28, 2018, the plaintiff, Jayevon Blaine, an inmate currently confined at MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against the University of Connecticut Correctional Managed Health Care Center ("CMHC") and three Department of Correction clinical workers in their individual capacities: Nurse Rose Walker, Nurse Gina Burns, and Dr. Palie. The plaintiff is suing all defendants for acting with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment, and for medical malpractice. Compl. (ECF No. 1) at 1-4. He seeks money damages and a preliminary injunction ordering the defendants to send him to Yale New Haven Hospital for treatment. *Id.* at 5. On March 7, 2018, this Court granted the plaintiff's motion to proceed *in forma pauperis*. *See* Order (ECF No. 6). For the following reasons, his complaint is dismissed in part and his request for preliminary injunctive relief is denied without prejudice.

I. <u>Relevant Legal Principles</u>

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II. Factual Allegations

In early December 2017, the plaintiff wrote to the medical unit about a third lump he had on his genitals which caused him constant pain. Compl. 1-2. After evaluating the plaintiff, Nurse Burns refused to provide him with any pain medications, even though the plaintiff told her that he had rated his pain as an "8 from a scale [of] 1 [to] 10." *Id.* at 2. Burns placed the plaintiff on the list to see the doctor. *Id.* While he was waiting to see the doctor, the plaintiff's pain increased, particularly when he walked and used the restroom. *Id.* When he informed the medical unit about the pain increase, he was told that there was nothing that could be done at the moment and that he had to wait to see the doctor. *Id.*

The plaintiff was evaluated by Dr. Palie on December 19, 2017. Compl. 2. Dr. Palie looked at the plaintiff's genitals and discovered the lump. *Id.* at 2-3. The plaintiff told him that the lump caused him pain. *Id.* at 3. Dr. Palie told the plaintiff that he would be put on the list to go to CMHC for testing. *Id.* While waiting to hear back from CMHC, the plaintiff submitted another request to the medical unit stating that his problem was getting worse. *Id.* When he returned to the medical unit, a nurse (presumably Nurse Burns)[1] told him that he was not on the list to go to CMHC and that his medical request had been denied. *Id.*

The plaintiff filed a grievance based on what Nurse Burns had told him, and staff responded that he would have to undergo blood work before being approved to go to CMHC. Compl. 3. He asked Nurse Walker about his grievance and accused her of not handling his complaints properly.[2] The plaintiff still has not received treatment for his condition.

III.    Analysis

The plaintiff claims that the defendants violated his Eighth Amendment protection against cruel and unusual punishment by acting with deliberate indifference to his medical problem and that their actions constituted medical malpractice. The court will permit his claims to proceed only against Nurse Burns.

---

[1] It is unclear from the complaint whether "the nurse" who informed the plaintiff that he was prevented from going to CMHC was Nurse Burns or another nurse in the medical unit. Construing his complaint liberally, the court will infer that the plaintiff was referring to Nurse Burns in this instance.

[2] The plaintiff's allegation about what Nurse Walker told him when he asked her about the grievance is difficult to understand. He alleges, "[S]he told me since this [has] been a[n] on-going problem she throw my grievance of the [second] time I file one d[ue] to her not going through the right steps about my pain . . . ." Compl. 3-4.

A. <u>Claims Against CMHC</u>

The CMHC is not a "person" subject to suit under 42 U.S.C. § 1983 because it is a division of a state agency. *Figueroa v. Correctional Managed Health Care*, No. 16 Civ. 120 (VAB), 2016 WL 7428191, *3 (D. Conn. Dec. 23, 2016). A state agency is not a "person" within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983). Therefore, the plaintiff's claim against CMHC is dismissed because it lacks an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

B. <u>Eighth Amendment Deliberate Indifference to Serious Medical Needs</u>

Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137-38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In order to state a deliberate indifference claim, the plaintiff must allege both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

Construed liberally, the plaintiff's allegations state a plausible Eighth Amendment claim for deliberate indifference to medical needs against Nurse Burns. His allegations concerning the lump on his genitals, which caused him extreme pain, satisfy the objective prong of the deliberate indifference standard. With respect to the subjective prong, he alleges that Burns refused to provide him any pain medication and rejected his medical grievance about his problem worsening following his visit with Dr. Palie.

However, the complaint is devoid of any facts showing that Palie or Walker were deliberately indifferent to his medical needs. He acknowledges that Palie examined his condition and recommended him for testing at CMHC. There are no further allegations against Dr. Palie. Moreover, his allegations against Walker are incomprehensible as written and do not show any indifference on her part. Thus, the plaintiff's Eighth Amendment claims against Palie and Walker are dismissed.

C. Medical Malpractice

The plaintiff is also pursuing a state law claim of medical malpractice against the defendants for their failure to treat him. This Court can exercise supplemental jurisdiction over a state law claim if:

> (1) there is a claim arising under the federal constitution or federal laws; (2) the relationship between the federal claim and the state claim permits the conclusion that the entire action comprises but one constitutional case; (3) the federal claim has substance sufficient to confer subject matter jurisdiction on the [C]ourt; and (4) the state and federal claims derive from a common nucleus of operative fact.

*Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir. 1989), *abrogated on other grounds*, *Graham v. Connor*, 490 U.S. 386 (1989) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Because the plaintiff has stated a plausible Eighth Amendment claim against Burns (but not against the other two defendants, for the

5

reasons set forth above), and that claim is sufficiently related to his medical malpractice claim, the Court will exercise supplemental jurisdiction over the malpractice claim and allow it to proceed against Burns at this time.

D. Preliminary Injunction

The plaintiff requests a preliminary injunction in the form of an order for correctional staff to send him to Yale Hospital in New Haven, Connecticut for treatment of his condition and for "the medical staff at [MWCI] to have better training." Compl. 5. The court will not order such relief at this time but will leave the request for injunctive relief unaddressed for now, pending the receipt of evidence.

Preliminary injunctive relief is an extraordinary remedy. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365 (2008); *Johnson v. Newport Lorillard*, No. 01 Civ. 9587 (SAS) (S.D.N.Y. Jan. 23, 2003), 2003 WL 169797, *1. A movant seeking a preliminary injunction must establish (1) irreparable harm in the absence of the injunction and (2) either a likelihood of success of merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984).

With respect to the first prong, courts will presume that a movant has established irreparable harm in the absence of injunctive relief when the movant's claim involves the alleged deprivation of a constitutional right. *Jolly*, 76 F.3d at 482; *Mitchell*, 748 F.2d at 806. However, if the moving party is seeking a "mandatory injunction," meaning an injunction that changes the status quo by commanding the opposing party to perform a

positive act, then he must satisfy an even higher standard of proof with respect to the first prong. *Lopez v. McEwan*, 08 Civ. 678 (JCH), 2010 WL 326206, *8 (D. Conn. Jan. 22, 2010). He "must make a clear or substantial showing of a likelihood of success on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against the government." *Id.* (quoting *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006)). With respect to the second prong, the likelihood of irreparable harm must be "actual and imminent," not speculative. *Id.* (quoting *New York v. Nuclear Regulator Comm'n*, 550 F.2d 745, 775 (2d Cir. 1977)).

The current record, which consists only of a complaint and no supporting evidence, is insufficient for this court to decide whether preliminary injunctive relief is warranted. Therefore, the Court does not address his request for injunctive relief at this time.

**ORDERS**

(1) All claims against the CMHC, Dr. Palie, and Nurse Walker are dismissed. The plaintiff's Eighth Amendment claim for deliberate indifference to medical needs and state law medical malpractice claim may proceed against Burns in her individual capacity for damages and injunctive relief.

(2) The clerk shall verify the current work address for Nurse Burns with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint to her at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Burns fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on her,

and she shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3)     Burns shall file her response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to her. If she chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above. She may also include any and all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

It is so ordered.

Dated at Hartford, Connecticut this 16th day of March 2018.

                                                      /s/
                                          Michael P. Shea, U.S.D.J.