UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JAYEVON BLAINE, | : | |
| --- | --- | --- |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-cv-359 (MPS) |
| | : | |
| UCONN HEALTH CARE, et al. | : | |
| *Defendants*. | : | July 17, 2018 |

**RULING ON MOTION TO AMEND COMPLAINT (ECF No. 9), MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 10), AND MOTION TO DIRECT DEFENDANTS TO RESPOND (ECF No. 12)**

On February 28, 2018, the plaintiff, Jayevon Blaine, an inmate currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against the University of Connecticut Correctional Managed Health Care Center and three Department of Correction ("DOC") clinical workers, Nurse Rose Walker, Nurse Gina Burns, and "Dr. Palie," for acting with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment, and for medical malpractice. Compl. (ECF No. 1). This Court permitted his Eighth Amendment claim and medical malpractice claim to proceed against Burns but denied the claims against the other defendants. Initial Review Order (ECF No. 7) at 7.

On May 3, 2018, the plaintiff filed a motion to amend his complaint clarifying many of the factual deficiencies of his original complaint as explained in the Court's Initial Review Order. Mot. to Amend Compl. (ECF No. 9). He attached an amended complaint with additional factual allegations against Burns and eight new defendants:

Nurse Hile, Nurse Michaud, Nurse Andelam, Nurse Lydia, Nurse Collins, Dr. Pillai,[1] Health Services Administrator Lightner, and Dr. Farinella. Am. Compl. (ECF No. 9-1). He is suing Burns, Hile, Michaud, Andelam, and Lydia in their individual capacities and Collins, Pillai, Lightner, and Farinella in both their individual and official capacities. *Id.* The plaintiff has also moved for the appointment of counsel to represent him in this case and for an order directing the defendants to respond to his amended complaint. Mem. of Law in Supp. of Pl.'s Mot. for Appointment of Counsel ("Mot. Appoint Counsel") (ECF No. 10); Mot. to Direct Defs. To Answer Am. Compl. (ECF No. 12).

Because the defendants have not yet responded to the initial complaint, the Court will GRANT the plaintiff's motion to amend (ECF No. 9) and review the claims stated in the amended complaint (ECF No. 9-1). However, for reasons that follow, the motion to appoint counsel (ECF No. 10) is DENIED without prejudice and the motion directing the defendants to respond to the amended complaint (ECF No. 12) is DENIED as moot.

I. <u>Motion to Amend Complaint (ECF No. 9)</u>

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or, if a responsive pleading is required, within twenty-one days after service of the responsive pleading. *See* Fed. R. Civ. P. 15(a); *O'dell v. Bill*, 13 Civ. 1275 (FJS/TWD), 2015 WL 710544, *44 (N.D.N.Y. Feb. 18, 2015). In all other cases, the plaintiff may amend his complaint only with the Court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that the Court's permission to amend a complaint "shall be freely given when justice so requires."

---

[1] Based on the factual allegations in his amended complaint, the Court believes that Dr. Pillai is the same defendant as "Dr. Palie," against whom the plaintiff sought relief in his initial complaint.

2

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (internal quotations omitted).

In this case, defendant Burns returned her waiver of service of process on April 11, 2018; *see* Order No. 8; and the plaintiff filed the instant motion to amend his complaint on May 3, 2018. Although the motion was filed over twenty-one days passed the waiver of service, Burns has not yet responded to the initial complaint. Therefore, in the interests of justice, the Court will GRANT the motion to amend the complaint and review the claims stated therein.

II. Review of Amended Complaint (ECF No. 9-1)

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570.

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

A. <u>Factual Allegations</u>

In his amended complaint, the plaintiff alleges the following facts:

On December 28, 2017, Burns evaluated the plaintiff for a lump he had on his genitals,[2] which caused him constant pain. Am. Compl. ¶ 15. The plaintiff expressed to her that his pain "was an eight on a scale of one to ten." *Id.* Although Burns referred the plaintiff to see Dr. Pillai, she refused to provide him any pain medication. *Id.*

The next day, the plaintiff saw Dr. Pillai. Am. Compl. ¶ 16. The plaintiff told him that the lump hurt when he touched it or when he would lay on his side. *Id.* Pillai said that the plaintiff was "going to have to hav[e] testing done," but he too would not give the plaintiff any medication for his pain. *Id.*

On January 15, 2018, the plaintiff received his written medical request back from Nurse Michaud stating that he had been evaluated. Am. Compl. ¶ 17. However, the plaintiff had not received any medication for his pain. *Id.*

One week later, the plaintiff received another response from Nurse Collins stating that there were no open requests for the Utilization Review Committee ("URC") for him, even though Dr. Pillai had told him that further testing was necessary. Am. Compl. ¶ 18.

---

[2] The plaintiff does not allege the nature of his medical condition in his amended complaint. The Court draws this fact from his initial complaint.

On February 7, 2018, plaintiff received a "request" back from Nurse Hile stating that he was scheduled "to see [a] provider to review [the] URC denial." Am. Compl. ¶ 19. However, the plaintiff has never seen any DOC officials regarding his URC request or denial. *Id.*

On March 7, 2018, Nurse Michaud notified the plaintiff that he was scheduled for sick call on March 12, 2018. Am. Compl. ¶ 20. The plaintiff thereafter sent a request to the medical unit complaining about his delayed medical appointment and that his condition was causing him substantial pain. *Id.* at ¶ 21. Administrator Lightner responded by stating that she was working on scheduling a medical appointment for the plaintiff. *Id.* at ¶ 22.

At some point, the plaintiff wrote a letter to Dr. Farinella regarding his condition and delayed treatment, but "she has done nothing to help him get" an appointment. Am. Compl. ¶¶ 11, 23.

B. Analysis

Based on these allegations, the Court reaffirms its initial conclusion that the plaintiff has stated a plausible Eighth Amendment claim for deliberate indifference to medical needs against Nurse Burns in her individual capacity for damages for refusing to provide him medication for his painful condition. The Court also concludes that the plaintiff has stated a plausible Eighth Amendment claim against Dr. Pillai. Unlike in the initial complaint, the plaintiff alleges in his amended complaint that Pillai also refused to provide medication to help alleviate his pain. Thus, the Court will permit the Eighth Amendment to proceed against Pillai in his individual capacity for damages and in his official capacity for injunctive and declaratory relief.

The plaintiff has not stated plausible Eighth Amendment claims against any of the other newly named defendants. His only allegation against Michaud, Collins, and Hile is that they notified him of the status of his medical appointments. Although perhaps misinformed or mistaken in their assessments, the amended complaint does not suggest that they said or did anything that amounts to deliberate indifference to the plaintiff's medical needs. Nurses Andelam and Lydia are not mentioned in the plaintiff's statement of facts, and the only allegation against Lightner is that she responded to the plaintiff's medical request, stating that she was working on scheduling an appointment for him. Finally, the only allegation against Farinella is that she failed to respond to the plaintiff's letter regarding his medical condition and delayed treatment, which is insufficient to show a constitutional deprivation. *See Young v. Choinski*, 15 F. Supp.3d 172, 190 (D. Conn. 2014) (failure of prison official to respond to inmate's request or process appeal insufficient to show personal involvement in Eighth Amendment claim); *Thorne v. Cuevas*, No. 3:09-cv-1716 (SRU), 2012 WL 1050056, *6 (D. Conn. Mar. 28, 2012) (same). Therefore, the claims against these defendants are dismissed.

The plaintiff is also raising a claim of negligence against the defendants. However, such claims against state officers are barred by Connecticut General Statutes § 4-165(a).[3] Moreover, although the Court previously permitted the plaintiff's medical malpractice claim against Burns, that claim must also be dismissed for failure to obtain state authorization. Connecticut General Statutes § 4-160(b) provides that, before a plaintiff raises a malpractice claim "against the state, a state hospital or against a

---

[3] Section 4-165(a) provides, in relevant part: "No state actor or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment."

6

physician, surgeon, dentist, podiatrist, chiropractor or other licensed health care provider employed by the state," he must submit "a certificate of good faith to the Office of the Claims Commissioner in accordance with [Connecticut General Statutes §] 52-190a," and the Claims Commissioner must authorize the suit against the state on such a claim. *See also St. Pierre v. Tawanna*, No. 3:14-cv-1866 (VAB), 2017 WL 1053838, *9 (D. Conn. Mar. 20, 2017). The plaintiff has not indicated whether he has obtained authorization from the state claims commissioner to sue the state for medical malpractice. Therefore, the plaintiff's negligence and medical malpractice claims are hereby dismissed.

III. <u>Motion for Appointment of Counsel (ECF No. 10)</u>

In support of his motion for appointment of counsel, the plaintiff argues that (1) the Eighth Amendment claims are factually and legally complex, (2) he has little to no ability to investigate the case, (3) there is a likelihood of conflicting testimony, (4) he has limited ability to present his claim, and (5) his claims have sufficient merit. Mot. Appoint Counsel at 3-4.[4] He also submitted an affidavit certifying that he has written requests to several law firms and the Inmate Legal Aid Program but has been unable to obtain representation. Aff. in Supp. of Pl.'s Mot. for Appointment of Counsel (ECF No. 11). Because this case consists solely of an amended complaint, however, his motion for appointment of counsel is dismissed without prejudice.

The Court "may request an attorney to represent any person unable to afford counsel." 42 U.S.C. § 1915 (e)(1). "District courts exercise substantial discretion in

---

[4] The plaintiff entitled his motion "Memorandum of Law in Support of Plaintiff's Motion for Counsel." The plaintiff is hereby advised that, although he may accompany his motions with a memorandum of law, he must file a "motion" for any filing seeking court action.

7

deciding whether to appoint counsel . . . ." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003). The Second Circuit has cautioned against the "routine appointment of counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173-74 (2d Cir. 1989). Before appointment is even considered, the indigent movant must establish that he is unable to obtain counsel. *Id.* at 173; *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the movant satisfies that threshold requirement, the Court must then consider the merits of his claim and determine whether his position "seems likely to be of substance." *Hodge*, 802 F.2d at 61. If so, the Court should then consider other factors bearing on the need for appointment of counsel, including the movant's ability to investigate the factual issues of the case, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the movant's apparent ability to present the case, and the complexity of the legal issues involved. *Id.* at 61-62.

While the plaintiff has affirmed that he has made efforts to obtain representation on his own, the record is simply insufficient to warrant the appointment of *pro bono* counsel. The record consists solely of an amended complaint, which has not even been served on all of the defendants. Therefore, the Court will deny the plaintiff's motion for appointment of counsel without prejudice subject to refiling at a later stage of litigation.

IV. <u>Motion Directing Response to Amended Complaint (ECF No. 12)</u>

The plaintiff's motion directing the defendants to respond to his amended complaint is now moot in light of the Court's review of his amended complaint and the following orders.

## ORDERS

(1) The motion to amend the complaint (ECF No. 9) is GRANTED. The amended complaint (ECF No. 9-1) is now the operative complaint, and the clerk is directed to docket it as a separate entry.

(2) The Eighth Amendment claim for deliberate indifference to serious medical needs may proceed against Nurse Burns in her individual capacity for damages and against Dr. Pillai in his individual capacity for damages and in his official capacity for injunctive and declaratory relief. All other claims are dismissed.

(3) The clerk shall verify the current work address for Dr. Pillai with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint to him at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If Dr. Pillai fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on him, and he shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the amended complaint on Dr. Pillai in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within **thirty (30) days** of the date of this order.

(5) Nurse Burns and Dr. Pillai shall file their response to the amended complaint,

either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to Dr. Pillai. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rule of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

(8) Pursuant to District of Connecticut Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, District of Connecticut Local Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify defendants or defense counsel of his new address.

(10) The motion for appointment of counsel (ECF No. 10) is DENIED without

prejudice subject to refiling at a later stage of litigation.

(11) The motion directing the defendants to respond to the amended complaint (ECF No. 12) is DENIED as moot.

It is so ordered.

Dated at Hartford, Connecticut this 17th day of July 2018.

/s/
Michael P. Shea
United States District Judge